CHANDLER, J.,
for the Court.
¶ 1. Frankie Jones was convicted of burglary of an automobile by a Leake County Circuit Court jury and was sentenced to serve a term of six years in the custody of the Mississippi Department of corrections. He has appealed his conviction and sentence alleging that the trial court erred in admitting his statements and confessions. Finding no reversible error, this Court affirms his conviction and sentence.
FACTS
¶ 2. Gerald Crimm thought he hit something while driving his pickup truck on Pilgrim Rest Road in Leake County well after dark on the evening of April 1, 2001. When he pulled his vehicle to the side of the road to check for damage, the truck became mired and he was forced to leave it until morning when he could arrange to have it pulled free. Crimm testified at trial that when he left the scene the truck was secured and had no visible damage.
¶ 3. Crimm returned to the location at 8:00 a.m. the next morning to discover that the truck had been towed by the sheriffs department. When he went to the lot where it was being stored he saw that a section of the sliding rear window in the truck had been broken and his stereo equipment had been removed. Prior to Crimm’s return to the location the following day, Harvey Morgan, who lived on Pilgrim Rest Road near the location of the truck, had telephoned the sheriffs department to report the burglary of the truck. Morgan testified at trial that on the morning of the burglary he heard an unusual noise from outside and when he looked out of his kitchen window he saw someone remove items, including a stereo speaker, from the pickup truck and take them into a nearby wooded area. He said that the individual left the scene riding a bicycle.
¶ 4. After Morgan’s call to the sheriffs department, Leake County Sheriffs Deputies Wesley Carson and Willie Perry went to the scene to investigate. According to Deputy Carson, Deputy Perry arrived on the scene first and spoke with Morgan and some of his neighbors. (Deputy Perry did not testify at trial as he had passed away sometime prior to the trial.) Deputy Carson testified that by the time he arrived on the scene Deputy Perry had learned that Morgan had witnessed the burglary and had seen the burglar leave on a bicycle. Other witnesses had identified Jones as the only individual seen riding a bicycle that morning. Those same witnesses had indicated that Jones had gone in the direction of one of his relative’s residence on Pepper Ridge Road.
¶ 5. Carson and Perry proceeded to the Pepper Ridge Road location where they saw Jones sitting in a car in the backyard of the residence. As soon as Jones saw the deputies he ran away. After a brief foot chase, Carson was able to apprehend him rather quickly. Following Jones’s apprehension, the deputies found an amplifier which had been taken from the burglarized vehicle in the car in which Jones had been sitting when they arrived. The deputies read Jones the Miranda warning, after which, he confessed to the crime and led the deputies to the remaining items that had been hidden in the wooded area near Morgan’s home. Later, Jones signed a written confession to the crime.
ANALYSIS OF THE LAW

Did the trial court err in admitting Jones’s oral and written confessions?

¶ 6. Jones contends that Carson’s apprehension of him after he ran away constitut *1082 ed an arrest without probable cause and that any statements he made after his arrest were the “fruit” of the illegal arrest, even if the statements are shown to be voluntary. He argues that such statements are inadmissible unless the taint of the illegality has been removed by some occurrence intervening between the arrest and the statement. He concludes that his first incriminating statement immediately followed his arrest; therefore, no intervening occurrence was possible.
¶ 7. The entire foundation of Jones’s argument rests on the false premise that his arrest was without probable cause. The deputies were in search of him because he had been seen in the area where a burglary had just been committed using the same mode of transportation that the burglar had used to leave the scene.
¶ 8. The Mississippi Supreme Court has held that the test for probable cause is the totality of the circumstances. Haddox v. State, 636 So.2d 1229, 1235 (Miss.1994). It has also defined probable cause as a “practical, nontechnical concept, based upon the conventional considerations of every day life on which reasonable and prudent men, not legal technicians act. It arises when the facts and circumstances within an officer’s knowledge, or of which he has reasonably trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that a crime has been committed and that a particular individual committed it.” Conway v. State, 397 So.2d 1095, 1098 (Miss.1980) (quoting Strode v. State, 231 So.2d 779 (Miss.1970)). Under the circumstances of this case, the information that the deputies had received was sufficient in itself to justify a person of average caution to believe that a crime had been committed and that Jones had committed it.
¶ 9. Additionally, once Jones fled from the deputies, who already possessed reasonable suspicion, the deputies then had probable cause. Sibron v. New York, 392 U.S. 40, 66-67, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The Supreme Court held in Sibron that “deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of mens rea, and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest.” Id.
¶ 10. There was probable cause to arrest Jones. His statements were admissible. The issue has no merit.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF BURGLARY OF AN AUTOMOBILE AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO LEAKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.